**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JOSE ADONAY MORALES HERCULES,**

Petitioner,

v. Civil Action No. **3:26CV997 (RCY)**

**WILLIAM JOYCE, *et al.*,**

Respondents.

## MEMORANDUM OPINION

Jose Adonay Morales Hercules ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that his "continued immigration detention has become constitutionally unreasonable" and "requests immediate release, or alternatively, a prompt individualized bond hearing." ECF No. 1 at 6, 8.[1] Respondents filed an Opposition. ECF No. 6. Petitioner has not filed a reply. For the reasons set forth below, the § 2241 Petition will be DISMISSED as MOOT.

## I. BACKGROUND

Petitioner provides very little information in his § 2241 Petition. Petitioner was taken into immigration custody on May 20, 2026. ECF No. 1, at 5. According to Petitioner, at the time he filed his § 2241 Petition on September 23, 2026, "[n]o final order of removal ha[d] been entered." *Id.* However, Respondents explain:

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects capitalization, spelling, and punctuation in the quotations from the parties' submissions.

> Petitioner is a 26-year-old native and citizen of El Salvador. On or about August 14, 2016, Petitioner was encountered and arrested by the United States Border Patrol near Rio Grande, Texas. Petitioner was served with a Notice to Appear and was released to family members. On or about April 13, 2026, Petitioner was encountered at the Central Virginia Regional Jail. He was served with a Notice to Appear that was never recorded with the Executive office for Immigration Review courts. On May 21, 2026, Petitioner was arrested by Department of Homeland Security ("DHS") officers. He was served with a Notice to Appear the same day. Petitioner claims no fear of returning to El Salvador.
>
> On or about April 13, 2026, Petitioner was arrested for several offenses, including Illegal Alien in Possession of a Firearm, a felony; Alteration of a Serial Number on a Firearm, a misdemeanor; and driving without a driver's license, a misdemeanor. The charges against Petitioner remain pending, with a hearing scheduled for October 14, 2026.
>
> On August 25, 2026, the Immigration Court found that Petitioner is removable. Petitioner's application for post-conclusion voluntary depart[ure] was denied, and he was ordered removed to El Salvador. Petitioner reserved his right to appeal, and his appeal was due by September 24, 2026. As of [October 14, 2026], Petitioner had not appealed the Immigration Court's decision, making him subject to a final order of removal.

ECF No. 6 at 4–5 (internal citations and headers omitted); *see also* ECF Nos. 6-1 through 6-6.

Based solely on Petitioner's submissions, it appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5. Accordingly, by Memorandum Order entered on October 7, 2026, the Court directed Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id.* at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.*

On October 14, 2026, Respondents filed an Opposition in which they indicate that Petitioner is now subject to a final order of removal. ECF No. 6, at 1–2. Respondents argue that, because of this fact, the basis of Petitioner's detention has changed to 8 U.S.C. § 1231, and the § 2241 Petition should be denied. ECF No. 6, at 1–2. Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary

judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention is under § 1231. On August 25, 2026, the Immigration Judge ordered Petitioner removed to El Salvador. ECF No. 6-6, at 1. Although Petitioner reserved the right to appeal, his appeal was due by September 24, 2026. *Id.* at 4. To date, no appeal has been filed. *See* EOIR, Automated Case Information, A-Number 209-295-235, available at: *https://acis.eoir.justice.gov/en/caseInformation* (last visited October 23, 2026).

Thus, Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231. "Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.' The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. § 1231(a)(1)(A)).

For the foreseeable future, Petitioner's detention is mandatory. *See id.* This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot. *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order."). Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.[2]

## IV. CONCLUSION

The § 2241 Petition and the action will be DISMISSED AS MOOT.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 3, 2026
Richmond, Virginia

[2] Respondents argue that any claim regarding a credible fear of removal is not ripe for review. ECF No. 6, at 6. The Court discerns no such claim in the § 2241 Petition, so it need not address such a claim at this time.

Respondents also argue that the Court should "dismiss the Petition" and then later argue that the Court should "deny" the petition. *Id.* at 15. As Petitioner sought a bond hearing and had no final order of removal at the time he filed his § 2241 Petition, the Court finds it appropriate to dismiss the action as moot, because his status changed while the § 2241 Petition was pending before the Court.